## ROGERS, *ad.*, *v.* GLASCOCK.

Justices of the peace have jurisdiction concurrent with the circuit courts, in actions by attachment, where the sum demanded exceeds one hundred dollars and does not exceed two hundred dollars.

*Error to White Circuit Court.*

Hon. RICHARD H. POWELL, Circuit Judge.

B. D. TURNER, for plaintiff in error.

It is submitted that the circuit court erred in overruling plaintiff's demurrer to defendant's fourth plea, which raises the question whether a justice of the peace has jurisdiction in attachment cases where the sum in controversy exceeds one hundred dollars, and we think the question is easily and plainly answered in the affirmative by *sections 3* and *18* of *art. VII.* of the Constitution, by which the jurisdiction of justices of the peace, under the laws in force on the 4th March, 1861, was extended.

ENGLISH & WILSHIRE, for the defendant.

The jurisdiction of justices of the peace, in cases by attachment, was conferred by statute and limited to one hundred dollars. See *Gould's Dig., ch. 16.* The remedy by attachment is an extraordinary one, harsh and severe, and in derogation of the common law, and must be strictly pursued. The present Constitution extends the justice's jurisdiction in matters of contract, but did not intend to extend the remedy by attachment, or it would have been so expressed. This remedy is given by statute, and the statute must be strictly followed.

COMPTON, J.

The plaintiff in error recovered judgment against the defend-

ant before a justice of the peace, in a proceeding by attachment, on a promissory note for the sum of $118$\frac{18}{100}$; whereupon, the defendant appealed to the circuit court, and there interposed six special pleas to the proceeding. A motion to strike out was sustained, as to the fifth and sixth pleas, and overruled as to the others. The plaintiff then demurred to the pleas not stricken out, and the demurrer was sustained as to the first, second and third pleas, but was overruled as to the fourth, and the plaintiff declining to plead further, final judgment was rendered against him, and he brought error.

The only question legitimately presented for our determination arises upon the demurrer to the fourth plea, and that question is: Did the justice of the peace have jurisdiction of the sum in controversy?

It is provided, by section 3, art. VII., of the new Constitution, that "the circuit courts shall have original jurisdiction in all matters of contract where the sum in controversy is over two hundred dollars;" and section 18 provides that "justices of the peace shall have original jurisdiction in all matters of contract where the amount claimed does not exceed two hundred dollars, and concurrent jurisdiction with circuit courts where the amount claimed exceeds one hundred dollars," and that "for the foregoing purposes they shall have power to issue all necessary process;" and the last clause of the Constitution declares that "all laws in force in this State on the 4th day of March, 1861, are still in force, not inconsistent with the provisions of this Constitution." Of the laws in force on the 4th of March, 1861, was the act of the Legislature conferring the jurisdiction and remedy, by attachment, on justices of the peace, in matters of contract, where the sum demanded did not exceed one hundred dollars. This act was not inconsistent with the Constitution, except so far only as it limited the jurisdiction to sums not exceeding one hundred dollars. The effect, therefore, of the several provisions of the Constitution, above quoted, is not only to continue the act in force, but also to enlarge the jurisdiction by extending it to all matters of contract, where

the sum demanded is not more than two hundred dollars; and we think this extension of jurisdiction necessarily carries with it the remedy by attachment provided for in the enactment.

It follows that the court below erred in overruling the plaintiff's demurrer to the defendant's fourth plea, for which error the judgment must be reversed, and the cause remanded for further proceedings.